## BELLMAN HEATING CO. v. HOLLAND.

### No. 1173.

Municipal Court of Appeals for the
District of Columbia.

Submitted Jan. 14, 1952.

Decided Feb. 8, 1952.

———◆———

Leonard C. Collins, Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, plaintiff below, brought suit against the appellant in the Small Claims Branch of the Municipal Court to recover $50 because of allegedly unsatisfactory work performed on a motor. There was judgment for the appellee in the amount of $30, and we granted an appeal.[1]

The basic facts are uncontradicted. In January 1951 appellee employed appellant to perform certain repair work on a heating plant and incident thereto on a circulating pump motor. The work was completed January 13, 1951, and the motor operated satisfactorily until May 5, 1951. Appellee then encountered further difficulty with the heating system and notified the appellant, who declined to do any further work on it. In October 1951 appellee again had the motor repaired. He then brought this suit.

Appellee testified that the motor in question was eleven or twelve years old and that it functioned satisfactorily from January until May 1951 except for a slight leak in the shaft. There was no evidence offered by appellee as to what was wrong with the motor or what work was performed on it in October 1951. Nor was there any testimony that appellant improperly performed the work he undertook in January 1951. Appellant testified that he had been in the heating business for over twenty years, that he examined the heating unit in January 1951 and that the work was done under his supervision, that the repairs to the motor consisted of cleaning, greasing, oiling, etc., and that the work was done in a workmanlike manner as evidenced by the fact that the motor caused the heating unit to function from January to May 1951. He further testified "that he gave no guarantee to the plaintiff that the motor would run for any length of time for he could not."

In the usual contract to repair, the law implies an undertaking to perform the work in a reasonably skillful and workmanlike manner. But it does not follow that an artisan must answer in damages for anything which may later go wrong with an article or mechanism he has undertaken to repair. Liability can only be imposed upon him when it is shown that he used improper methods or defective materials or was otherwise guilty of a breach of his implied warranty. It appears from the

1. Code 1940, Supp. VII, § 11–772(a).

record that plaintiff failed to introduce any evidence to justify a finding that defendant had breached his contract or in what respect. The fact that the eleven year old motor operated satisfactorily for four months after it was repaired was some evidence that the contractor's work had been properly performed. We have no alternative except to rule that the plaintiff below was not entitled to recover.

Reversed with instructions to enter a judgment for defendant.